# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| J.K., a minor by and through R.K., et al., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>WILL HUMBLE, in his official capacity as Interim Director of the Arizona Department of Health Services; DR. LAURA NELSON, in her official capacity as Director, Division of Behavioral Health Services, Arizona Department of Health Services; THOMAS J. BETLACH, in his official capacity as Director, Arizona Health Care Cost Containment System,<br><br>    Defendants. | No. CV 91-261 TUC-AWT<br><br>**ORDER** |

    The parties disagree as to the proper interpretation of their 2001 Settlement Agreement. On November 15, 2012, the Court appointed Ruth V. McGregor to act as Special Master in this case pursuant to Federal Rule of Civil Procedure 53 (Dkt. 586). The Court directed that the Special Master "issue a report and recommendation to the Court of a resolution of the parties' differences concerning the interpretation of the Settlement Agreement and whether and, if so, how to proceed in resolving any disputes arising under the Agreement." *Id.* ¶ 6. The Special Master heard oral argument and received post-hearing memoranda from the parties before issuing a Proposed Report and Recommendations (Dkt. 604). The parties filed responses to the Special Master's

1 proposed order (Dkts. 605 & 606), in consideration of which the Special Master entered
2 her final Report and Recommendation (Dkt. 607).

3 Now before the Court is the Special Master's Report and Recommendations (Dkt.
4 607), Defendants' Motion to Adopt Special Master's Report and Recommendations with
5 One Modification and Remand Remaining Disputes for Dispute Resolution Pursuant to
6 the Settlement Agreement (Dkt. 612), Plaintiffs' Objections to Special Master's Report
7 and Recommendations (Dkt. 611), and Defendants' Response to Plaintiffs' Objections to
8 Special Master's Report (Dkt. 618). Also before the Court is Special Master McGregor's
9 Application for Compensation (Dkt. 615), Defendants' Response to Special Master's
10 Application for Compensation (Dkt. 617), and Plaintiffs' Response to Special Master's
11 Application for Compensation (Dkt. 619). After reviewing the pleadings, the Special
12 Master's Report and Recommendations, and the Special Master's Application for
13 Compensation, and following a motion hearing held June 21, 2013, the Court issues the
14 following Order.

15 **I.    Special Master's Report and Recommendations**

16 Objections to factual findings and legal conclusions made or recommended by the
17 Special Master are subject to *de novo* review. Fed. R. Civ. P. 53(f)(3)-(4). On matters of
18 procedure, the Special Master's rulings are reviewed for abuse of discretion. Fed. R. Civ.
19 P. 53(f)(5). Having reviewed the Report and Recommendations as well as the parties'
20 motions, objections, and oral arguments thereto, the Court now adopts in full the Special
21 Master's Report and Recommendations (Dkt. 607) and overrules Plaintiffs' objections
22 (Dkt. 611). Defendants' motion (Dkt. 612) is denied to the extent that it seeks
23 modification of the Special Master's Report and Recommendations, and the motion is
24 otherwise granted.

25 With regard to those issues on which the Special Master has determined that
26 factual development is necessary – that is, the issues summarized in ¶¶ 6, 7, 8, 10, and 11
27 of the Report and Recommendations (Dkt. 607 at 15-16) – a hearing date has already
28 been set during which the Court will receive evidence. *See* Dkt. 620 (setting evidentiary

hearing for November 18, 2013 at 9:00 AM, in the U.S. District Court for the District of Arizona at Phoenix).

## II. Special Master's Application for Compensation

The Special Master requests compensation in the amount of $21,200.00 and recommends that the fee be divided between the parties as follows: 25% ($5,300.00) assessed to Plaintiffs and 75% ($15,900.00) assessed to Defendants (Dkt. 615). Defendants have no objection (Dkt. 617). Plaintiffs do not object to the amount of compensation but they ask that the entire $21,200.00 fee be assessed to Defendants (Dkt. 619). The Court is persuaded by Plaintiffs' arguments. Plaintiffs are a class of Medicaid-eligible minors; they are in no position to compensate the Special Master.

**Accordingly,**

**IT IS HEREBY ORDERED** that the Special Master's Report and Recommendations (Dkt. 607) are adopted as part of the Order of the Court.

**IT IS FURTHER ORDERED** overruling Plaintiffs' objections to the Special Master's Report and Recommendations (Dkt. 611).

**IT IS FURTHER ORDERED** that Defendants' motion to adopt the Special Master's Report and Recommendations with one modification (Dkt. 612) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that the Special Master's Application for Compensation, requesting a total compensation of $21,200.00, is GRANTED. The Court appreciates the Special Master's capable assistance in this matter.

**IT IS FURTHER ORDERED** that Defendants shall pay 100% of the Special Master's fee.

DATED this 9th day of July, 2013.

_____
A. Wallace Tashima
United States Circuit Judge
Sitting by Designation