THOMAS C. HORNE
ARIZONA ATTORNEY GENERAL
Firm Bar No. 14000

Gregory D. Honig, State Bar No. 018804
Kevin D. Ray, State Bar No. 007485
Assistant Attorneys General
1275 West Washington Street
Phoenix, Arizona 85007-2926
Telephone: (602) 542-8328
E-mail: EducationHealth@azag.gov
*Attorneys for Defendants Humble and Nelson, ADHS*

Logan T. Johnston, AZ Bar #009484
JOHNSTON LAW OFFICES, P.L.C.
1402 E. Mescal Street
Phoenix, Arizona 85020
Telephone: (602) 452-0615
ltjohnston@johnstonlawoffices.net
*Attorneys for Defendant Betlach*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| J.K. a minor by and through R.K., et al., | CASE NO. CIV-91-261-TUC-AWT |
| Plaintiffs, | |
| v. | |
| WILL HUMBLE, in his official capacity as interim Director of the Arizona Department of Health Services; DR. LAURA NELSON, in her official capacity as Director, Division of Behavioral Health Services, Arizona Department of Health Services; THOMAS J. BETLACH, in his official capacity as Director of the Arizona Health Care Cost Containment System, | **DEFENDANTS' REPORT RE: SEPTEMBER 4 TELECONFERENCE** |
| Defendants. | |

The Defendants think the following short chronology will assist the Court as the background for the September 4, 2013 teleconference with the parties over whether the

Defendants are to be allowed limited discovery prior to the November 18, 2013 hearing,

as to which the Plaintiffs contend "the Judge made it clear there was no discovery."

A.  **The June 21, 2013 hearing**:

The only discussion of discovery on June 21 was with the Plaintiffs as to their need for discovery prior to a November hearing::

> The Court [to Mr. Burnim]:   And then so what I would like to do is set aside a week,  and I would like to get at least like a witness list before then, if you intend to call, sometime before, and then start calling the witnesses, see what happens. But first of all is it can't be before October or November because I want to give you time to file a witness list, right? I don't think --  you're not going to do any discovery for an evidentiary hearing because I think you know what's going on, right?
>
> MR. BURNIM:   *We can proceed without discovery. I think that there will be -- and we can wait to see what the lines of cross-examination are.* We had access to a certain amount of information and considerable information during the period in dispute. We obviously didn't have full access. But, yes, *we could proceed without discovery certainly for a 2 week of hearings, and I think we need to maybe defer the discovery issue to see what the lines of defense are.*  For the plaintiffs, November looks quite good. I think both my co-counsel and I have some obligations in October, but November would be –
>
> THE COURT:   November looks good?
>
> MR. BURNIM:   November, before Thanksgiving, looks good.

Dkt. 624, pp. 15-16

B.  **The Court's Order**

The Court's Civil Minutes of 6/21/13 say nothing about discovery.  Dkt. 620.  The Order of July 9, 2013 says nothing about discovery.  Dkt. 621.

C.  **Defendants'Attempts to Plan for the November 18 hearing.**

7/22/13	Defendants wrote to Plaintiffs asking about subjects related to preparation for the November hearing.

| | | |
|---|---|---|
| 1<br>2 | 8/16/13 | No response. . . . Defendants sent Plaintiffs an e-mail asking if they intended to respond to the Defendants' letter. |
| 3<br>4<br>5 | 8/20/13 | No response. . . .The Defendants notice the depositions of the Plaintiffs' two attorneys who monitored the 2001-2010 implementation of the Settlement Agreement and ask for a list of witnesses and exhibits by September 20 so they can take discovery. |
| 6<br>7<br>8 | 8/26/13 | No response. . . . The Defendants noticed the depositions of the two known Plaintiffs' experts for October 21-22 and asked the Plaintiffs to keep open October 30-November 1 for depositions of witnesses they list on October 28. |
| 9<br>10 | 8/26/13 | The Plaintiffs finally respond and say only, "At the hearing on June21, 2013 the Judge made it clear there was no discovery." |
| 11 | 8/29/13 | The Defendants replied by e-mail to Plaintiffs' counsel, Ms. Ronan: |

Anne - I have the 6/21/13 transcript of the hearing before Judge Tashima. I assume you do now also.

The only discussion of discovery I see was when, in the context of picking a hearing date, the judge said to Mr. Burnim, "I don't think – you're not going to do any discovery for an evidentiary hearing because I think you know what's going on, right?" Mr. Burnim responded to our surprise and contrary to his position in March 2013 that discovery would be needed on issues that remained in the case, "We [the plaintiffs] can proceed without discovery." He then, however, proposed to proceed with the first week's hearing and to "defer the discovery issues to see what the lines of defense are," i.e. in that first week. I didn't address the question of discovery because the judge interrupted Mr. Burnim and switched the subject to picking a date for the hearing, which took up the remainder of the hearing, and because I wasn't sure what Mr. Burnim had just proposed.

So it should be obvious we did not waive discovery and the judge did not preclude it. You merely said the plaintiffs didn't need it to go ahead in November. The defendants do need discovery to make the very defense you hinted might entitle you to take discovery after you hear it. In other words, we should go into the hearing with no discovery, you'll take a free look at our case, and you'll reserve the right to request discovery at that point. If that was Mr. Burnim's proposal and is yours now, it should be equally obvious we did not and will not agree to such a heads-I-win-tails-you-lose proposition.

3

> *If you agree nothing in the record or the court's orders precludes the kind of discovery we wish to take of the experts Mr. Burnim said the plaintiffs' case would be "largely based on" and will cooperate in accomplishing that discovery on a more reasonable schedule than three weeks before trial, please tell us that instead. But I understand your position to be you do not intend us to have any discovery, even after you list your witnesses in late October. If I misunderstand your position on that, please let me know by tomorrow at 4:00.*
>
> Otherwise, we will file a motion to compel in order to get this resolved as promptly as the Court can consider it. In such a motion we will address the need to take your deposition and Mr. Burnim's, unless you tell us you are willing to provide those. As I said before, if the September 6 date for those depositions does not work, we can reschedule them to a time or times that do. Unless you are willing to schedule those without the need of a motion, we will hereby postpone the September 6 date until the motion is decided.
>
> *We'll take no response by tomorrow afternoon as a rejection of our right to discovery based on the position you have asserted that "the Judge made it clear there was no discovery."*

(Emphasis added.)

8/30/13 -   The Plaintiffs' response was to inform Defendants they had contacted the Court to arrange a telephonic hearing "to get clarification from Judge Tashima on his Order concerning discovery."

9/3/13  -   The Plaintiffs ask whether, if we take their depositions, they may testify as expert witnesses on behalf of the Plaintiffs.

**RESPECTFULLY SUBMITTED** this 3rd day of September 2013.

                                                THOMAS C. HORNE
                                                Attorney General

                                                By:__s/Greg Honig_____
                                                Gregory D. Honig, State Bar No. 018804
                                                Kevin D. Ray, State Bar No. 007485
                                                Assistant Attorneys General
                                                1275 West Washington Street
                                                Phoenix, Arizona 85007-2926
                                                *Attorneys for Defendants Humble and*

*Nelson, ADHS*

By:   s/ Logan Johnston
Logan T. Johnston
**JOHNSTON LAW OFFICE, PLC**
1402 E. Mescal Street
Phoenix, AZ 85020
*Attorney for Defendant Betlach*

# CERTIFICATE OF SERVICE

I, Logan Johnston, an attorney, hereby certify that on September 3, 2013, I electronically transmitted the foregoing Defendants' Response to Special Master's Application for Compensation, using the ECF System for filing and transmittal of a Notice of Electronic filing and to ECF registrants.

Anne C. Ronan
Arizona Center for Law in the Public Interest
202 E. McDowell Road, Suite 153
Phoenix, AZ 85004

Ira A. Burnim
Emily B. Read
BAZELON CENTER FOR MENTAL HEALTH LAW
1101 Fifteenth Street N.W., Suite 212
Washington, D.C. 20005-5002

Patrick Gardner
NATIONAL CENTER FOR YOUTH LAW
405 14th Street, Suite 1500
Oakland, California 94612-2701

Edward L. Myers III
ARIZONA CENTER FOR DISABILITY LAW
5025 E. Washington Street, Suite 202
Phoenix, AZ 85034
Attorney for Plaintiffs

    s/ Logan Johnston

5